**Johnson v. Wiseman**

C.P. of Bradford County, no. 98CV000393.

*Clifford A. Reiders*, for plaintiffs.
*Mark T. Perry,* for defendant Wiseman.
*John Q. Durkin,* for defendants Cambell, Huber, Chamberlain, Mann, Robert Packer Hospital and Guthrie Healthcare System.
*David W. Saba* and *Lara A. Endler,* for defendants Bello-Lim, Coleman and Guthrie Clinic Ltd.

MOTT, *J.,* March 22, 2000—In this matter, the issue is the extent of the protection afforded by the Pennsylvania Peer Review Protection Act.[1] In the context of a broader medical malpractice claim, the plaintiffs con-

---

1. Act of July 20, 1974, P.L 564, no. 193, §1 et seq., as amended, 63 P.S. §425.1 et seq.

ducted a deposition of Barbara L. Wiseman M.D., the defendant. In response to certain questions during the deposition, Dr. Wiseman, upon advice of counsel, claimed the protection of the Act. As a result, the plaintiffs filed this motion to compel further deposition testimony of Dr. Wiseman.

The facts are as follows: On April 5, 1998, Aaron Michael Johnson was stillborn at the Robert Packer Hospital. He was the child of Jill C. Johnson and Shawn M. Johnson, the plaintiffs. The plaintiffs allege that the child died because of negligence on the part of the defendants. Approximately one month after the death of the child, Dr. Wiseman participated in a meeting with other hospital personnel at which the delivery of this child was discussed. At the deposition of Dr. Wiseman, when counsel for the plaintiffs attempted to elicit details of this meeting, counsel for the defendant allowed Dr. Wiseman to answer factual questions in regards to the meeting for the purpose of allowing the plaintiffs to formulate an opinion as to whether the meeting was peer review related. However, counsel directed her not to answer questions relating to substantive information conveyed at the meeting, claiming that this information was protected by the Act. Our task here is to determine whether the meeting satisfies the peer review requirements as set forth in the Act, thereby shielding discovery of all substantive information conveyed at the meeting.

Pertinent to the matter sub judice, the Act provides:

"The proceedings and record of a *review committee* shall be held in confidence and *shall not be subject to discovery* or introduction into evidence *in any civil action against a professional health care provider* arising out of matters which are the subject of evaluation and

review by such committee . . . ." Section 4 of the Act, 63 P.S. §425.4. (emphasis added)

Due to the broad scope afforded discovery, a party asserting a limitation on discovery has the burden of establishing that limitation. *Mazzucca v. Methodist Hospital*, 47 D.&C.3d 55, 62-63 (1986). See also, 6 Standard Pennsylvania Practice 2d §34.22. Here, counsel for Dr. Wiseman attempts to meet this burden only by asserting that the meeting satisfies the peer review requirements of the Act, and that, therefore, the Act bars the plaintiffs' questions about that meeting. In weighing that assertion, we recognize that the ultimate objective in interpreting a statute is to effectuate the intent of the legislature. 1 Pa.C.S. §1921(a). In interpreting a statute, however, we are not, under the pretense of pursuing the spirit of the statute, to ignore the letter of its clearly and unambiguously expressed language. 1 Pa.C.S. §1921(b); *McClellan v. Health Maintenance Organization of Pennsylvania*, 442 Pa. Super. 504, 510-11, 660 A.2d 97, 100 (1995), *aff'd*, 546 Pa. 463, 686 A.2d 801 (1996). It is clear from the Act's language that only discussion conducted at a peer review meeting is protected from discovery.

Reviewing the record and the arguments presented, we cannot find that it has been proven that the meeting satisfied the peer review requirements set forth in the Act. Dr. Wiseman admitted that the meeting did not have a committee name attached to it. (N.T., 6/15/99, Barbara Wiseman M.D., p. 72.) She also conceded that it was not a meeting of an established committee. (N.T., 6/15/99, Barbara Wiseman M.D., p. 74.) Additionally, she stated that, "The meeting came into being because we wanted to discuss again if there was an explanation since we had no explanation." (N.T., 6/15/99, Barbara Wiseman M.D.,

p. 74.) Moreover, no one has pointed to any evidence which would indicate that there was a written record, of any kind, produced at the meeting. (N.T., 6/15/99, Barbara Wiseman M.D., p. 75.) Further, the privilege against discovery granted by the Act is extended only when the requested discovery relates to a review committee established by some definitive action prior to the time of review. *Steinbacher v. Mariano,* 19 D.&C.4th 399, 406 (1992) (citing *Mazzucca v. Methodist Hospital, supra* at 60). No one has pointed to any evidence contained in the record which demonstrates that definitive action was taken prior to the subject meeting for the purpose of establishing a review committee. In fact, it is apparent that the meeting was not one of an established committee at all, but, rather, was an "ad hoc" meeting of an "ad hoc" committee. Thus, the meeting does not appear to fall within the peer review requirements of the Act, and it certainly has not been demonstrated how the meeting falls under the protection of the Act. As a result, Dr. Wiseman has not met her burden of establishing a limitation to discovery. Therefore, the plaintiffs' motion to compel additional deposition testimony of Dr. Wiseman, concerning the substantive information conveyed at the meeting, will be granted.

Subsequent to the deposition of Dr. Wiseman, counsel for Cindy Mann RN, another defendant, provided the plaintiffs' counsel with five pages of notes, concerning the events of this case, written by Cindy Mann. The plaintiffs assert that these notes contradict the deposition testimony of Dr. Wiseman, and, therefore, they request permission to question her about these contradictions at further deposition. Dr. Wiseman does not dispute the plaintiffs' assertion that the notes contradict her earlier deposition testimony, nor does she assert any privilege

which barred discovery of the notes. Certainly, matters contradicting the testimony of Dr. Wiseman may be relevant to these proceedings. Thus, we find this to be a reasonable request in that allowing a second deposition of Dr. Wiseman may well rectify or explain the contradictions. Therefore, the plaintiffs also will be allowed to question Dr. Wiseman at further deposition about any inconsistencies between her earlier deposition testimony and the notes written by Cindy Mann.

Accordingly, we enter the following:

## ORDER

And now March 22, 2000, in accordance with the opinion filed this date, the plaintiffs' motion to compel further deposition testimony of the defendant, Barbara Wiseman M.D., is granted. At the said deposition, the plaintiffs will be limited to asking questions concerning the substantive information relating to the death of Aaron Michael Johnson conveyed at the meeting held approximately one month after the child's death and attended by Barbara Wiseman M.D., and concerning any inconsistencies between Dr. Wiseman's earlier deposition testimony and the notes written by the defendant, Cindy Mann.